Mr. Justice Bay
delivered the opinion of the court.
I have again given this case the best consideration in tny power since the argument; and from a review of the *354 law authorities upon the subject, I am of opinion thdt there are no grounds for setting aside this verdict. One uniform principle seems to fun through the whole of them, namely, that where the original contract is not usurious, it shall never be made so by matter expost facto, (Buls, p. 17. 7 Bac. Tit. Usury, 200, also, Ord On Usury, 100 and 101, 1 Wm. Black. Rep. 462,) as where a man lends money on a legal interest, and after a subsequent agreement is made for more interest, which is usury, that will not avoid the first contract; per Holt, Chief justice. (7 Bac. 20O. Ord On Usury, 100. 1 Saund. 294. Crok. Eliz. 20.) But where there be a corrupt agreement at the time of making the contract, or lending the money, then the bonds and all assurances are void. (1 Mod. 69.) So, in like manner in 2 Mod. 307, it is laid down, that to avoid a security, by reason of usury, the contract itself must be usurious to make it void. And in Hawk. P. C. chap. 82 and 21, it is laid down that it is not material whether the payment both of principal and the usurious interest be secured by the same or different conveyances, but all writings whatever for strengthening such a contract are void. (7 Bac. 200.)
Now to apply the circumstances of this case to their legal principles, there can be no doubt, as I mentioned in my charge to the jury, that if the plaintiff had retained the first' note in his hands, which was fair and good when drawn, and at the time it became due, had taken this premium due bill, or any other instrument for forbearance for sixty days longer, which was more than 7 per cent, for the use of the 500 dollars for that time, such due bill or instrument only would have been usurious, while the original note would have remained unimpeachcd in the hands of the holder. But here the original contract was rescinded, and a new one entered into, (for I take every renewal of a note to be a new contract,) and at the time when this new contract was made, this 50 dollar premium note was given for the forbearance of the payment for 60 days ; and although it is made payable by a separate instrument made *355 so instante, it must be considered as a part of the said new contract, which makes the whole usurious.
I am therefore of opinion that the rule for a new trial should be discharged.
Justices Colcock, Nott, Huger and Gantt, concurred.